BENEDICT v. WILLIAMS and another.*

(*Circuit Court, S. D. New York.* February 2, 1882.)

1. PRIVITY OF CONTRACT—ASSIGNEE OF CHOSE IN ACTION.

Where defendants W. and K., citizens of different states, had entered into a contract, by the terms of which the latter was to conduct certain litigation on behalf of the former, and to receive part of the avails thereof for so doing, and thereafter K. had entered into a contract with M. to assist in the conduct of such litigation for a share of such avails, with the knowledge of W., and M. had assigned his share of such avails to the orator, B., *held*, that there was sufficient privity of contract to maintain the suit against K. as his trustee, and against W. as a debtor to his trustee for him.

2. REMOVAL OF CAUSE — DISTINCTIONS BETWEEN LEGAL AND EQUITABLE PRO-CEDURE.

Where an action commenced in a state court, in which the distinctions between legal and equitable procedure are done away with, is removed to a circuit court of the United States, it is removed to that side of the court where the appropriate relief, if due, can be obtained.

In Equity. On demurrer to bill.

*William A. Beach,* for plaintiff.

*Edward M. Shepard,* for defendant.

WHEELER, D. J. This cause has been heard on demurrer to the bill. It was commenced in the state court, and removed to this court. The bill shows that the defendant Williams, a citizen of Connecticut, made a contract with the defendant Kernochan, a citizen of Massachusetts, by the terms of which the latter was to conduct litigation in behalf of the former against the Kansas Pacific Railway Company, as counsel, and to receive one-fourth part of avails thereof for so doing; that by a contract between Kernochan and Edwin R. Meade and Henry E. Knox the latter two were to assist in the conduct of the litigation, and to share equally with the former in the one-fourth part of the avails; that the litigation was conducted by them with the knowledge of Williams, and proceeded until the sum of $27,500 was received from it as the avails of it, by him; that Meade sold and assigned his share of these avails to the orator, a citizen of New York; that Knox has been fully settled with, and that Meade's share has not been paid over.

The principal grounds of demurrer assigned are that there was no privity of contract between either Williams and Meade or Williams and the orator; that Williams is only liable to Kernochan, who may be liable over to Meade or to the orator; and that the orator's remedy, if he has any, is at law. The want of privity relied upon, how-

*Reported by S. Nelson White, Esq., of the New York bar.

ever, is not material. It may be that the orator had only to pay Kernochan as he agreed to, but, if so, he has not paid to Kernochan Meade's share. That share, if payable to Kernochan, was payable to him for Meade, and Meade would have the right to proceed for it against both; against Kernochan as his trustee, and against Williams as a debtor to his trustee for him. This right he could sell and assign, as the bill alleges he did sell and assign it to the orator; and when so sold and assigned to the orator, he became vested with the right also in some manner to enforce it.

It is understood that the distinctions between legal and equitable procedure are done away with in the state courts, from which the case was removed; and that there the remedy is to be sought by the real owner of a cause of action in his own name. In these courts these distinctions are kept up, although the proceedings at law conform to those of the courts of the state.

At common law a mere chose in action was not assignable at all, although it was assignable in equity, and hence an assignee of a chose in action could not maintain an action at law upon it in his own name, but could in the name of the assignor for his own benefit, or he could proceed in equity to recover it, and, if he did, must proceed in his own name. The orator took the only mode that was open to him in the state court. Had the proceedings remained there his rights would have been wrought out by the appropriate methods there provided. But when the proceedings were removed into this court, they were neither removed from a court of law, or the law side of a court, to the law side of this court, nor from a court of equity, or from the equity side of a court to the equity side of this court; but they were removed from that court as it was, where remedies are administered without this distinction, to this court, where this distinction is observed. And the removal was necessarily to that side of this court, where the appropriate relief, if due, could be obtained. He is merely the assignee of a chose in action, which accrued to Meade, or to Kernochan for Meade. The proceedings are in his own name, and he can go forward with such proceedings only on the equity side of the court. His right is a purely equitable one, and strictly cognizable in his own name in a court of equity only, or only where equitable remedies are administered, and the remedy is none the less equitable because it might not be so classed in the state court.

The demurrers are overruled, with leave to the defendant to answer over within 30 days on payment of costs of demurrer.